UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN SHELTON, | : | CIVIL ACTION NO. 3:CV-13-0059 |
| Petitioner | : | (Judge Nealon) |
| v. | : | FILED SCRANTON |
| A. JORDAN, et al., | : | JAN 1 7 2014 |
| Respondents | : | PER _____ DEPUTY CLERK |

## MEMORANDUM AND ORDER

Norman Shelton, an inmate currently confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). Petitioner challenges "the legality of numerous sanctions of loss of good time as grossly excessive in proportion to the offense for which it is imposed", resulting in "an atypical and significant hardship that constricts Due Process under the Fourteenth Amendment totally subjecting Petitioner to Cruel and Unusual Punishment, violating his Eighth Amendment." Id. Presently before the Court is his motion for appointment of counsel. (Doc. 11). For the following reasons, the motion will be denied.

## Discussion

Although prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, Coleman v.

Thompson, 501 U.S. 772, 752 (1991), the court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require. . ." See 18 U.S.C. § 3006A(a)(2);[1] ; see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a petitioner overcomes this threshold hurdle, other factors to be examined are:

1. the claimant's ability to present his or her own case;
2. the difficulty of the particular legal issues;

---

1. Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

3. the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
4. the claimant's capacity to retain counsel on his or her own behalf;
5. the extent to which the case is likely to turn on credibility determinations; and
6. whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

As an initial matter, the petition appears to have arguable merit. However, Shelton fails to set forth circumstances warranting appointment of counsel. Tabron, 6 F.3d at 155-56. In his petition, Shelton demonstrates the ability to present comprehensible arguments. The legal issues in this case are relatively clear and will not require expert testimony. Furthermore, despite his incarceration, investigation of the facts does not seem beyond Shelton's capabilities.

Based on the foregoing, it does not appear that Shelton will suffer prejudice if forced to prosecute this case on his own. Furthermore, this Court's duty to construe pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Shelton's apparent ability to litigate this action, militate against the appointment of counsel. Hence, Shelton's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon motion of

Petitioner.

**AND NOW, THIS 17th DAY OF JANUARY 2014, IT IS HEREBY ORDERED THAT** Petitioner's motion for appointment of counsel, (Doc. 11), is **DENIED**.

_____
**United States District Judge**