UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN SHELTON, | : | CIVIL ACTION NO. 3:CV-13-0059 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| A. JORDAN, et al., | : | FILED SCRANTON |
| Respondents | : | JAN 17 2014 |

**MEMORANDUM**

Norman Shelton, an inmate currently confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). Petitioner challenges "the legality of numerous sanctions of loss of good time as grossly excessive in proportion to the offense for which it is imposed", resulting in "an atypical and significant hardship that constricts Due Process under the Fourteenth Amendment totally subjecting Petitioner to Cruel and Unusual Punishment, violating his Eighth Amendment." Id. In his petition, Shelton references nine separate disciplinary hearings, in which he was found guilty of prohibited activity, and sanctioned to the loss of 27 days of good conduct time. He claims that "from December 22, 2009 to November 19, 2012, [he] has lost over 400 days total" in that Respondents' "took vested good time which is illegal" as "Petitioner only earns 54 days of good time a

year." (Doc. 41, traverse). Petitioner argues that "prisoners are only allowed to lose what they have earned that year." Id. For relief, Petitioner seeks immediate reinstatement of all good time credit, as well as damages.[1] Id.

**Background**

On July 13, 1993, Shelton was sentenced in the United States District Court for the Eastern District of Pennsylvania to an aggregate term of imprisonment of 322 months for "Conspiracy to Commit Offense or to Defraud United States," in violation of 18 U.S.C. s 371, "Bank Robbery and Incidental Crimes," in violation of 18 U.S.C. § 2113(A), "Armed Bank Robbery," in violation of 18 U.S.C. § 2113(D), and "Use of a Firearm in Relation to the Commission of a Crime of Violence," in violation of 18 U.S.C. § 924(C)(1). (Doc. 16, Ex. A, Declaration of Dominick DeSanto, BOP Paralegal Specialist, ¶ 3). He has a projected release date of March 9, 2017, via good conduct time release. Id.

Record evidence demonstrates that in 2009, Shelton was found guilty of

---

[1]To the extent that Shelton seeks an order from this Court directing that he receive money damages, such relief is not available in a habeas corpus action. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F. App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

one 200-level, high severity prohibited act, and sanctioned to the loss of 27 days of good conduct time. See (Doc. 38, Att. 10, Discipline Hearing Officer Report). In 2010, Shelton was found guilty of six 200-level, high severity prohibited acts, three of which included a finding of guilt of a 300-level, moderate severity prohibited act. (Docs. 16, Att. 5 and Doc. 38, Atts. 15, 20, 25, 30, and 34, Disciplinary Hearing Officer Reports). For each of these misconducts, Petitioner was sanctioned a loss of 27 days good conduct time. Id. In 2011, Shelton was found guilty of five misconducts for 200-level, high severity prohibited acts, two of which included a finding of guilt of a 300-level, moderate severity prohibited act. (Doc. 38, Atts., 39, 44, 49, 54, and Ex. C, Att. 4). For each of these misconducts, Petitioner was sanctioned a loss of 27 days good conduct time. Id. In 2012, Shelton was found guilty of four 200-level, high severity prohibited acts, one of which included a finding of guilt of a 100-level, moderate severity prohibited act. (Doc. 38, Atts., 39, 44, 49, 54, and Ex. C, Att. 4). For each of these misconducts, Petitioner was sanctioned a loss of 27 days good conduct time. Id.

## Discussion

Pursuant to 28 C.F.R. § 541.3[2], the following sanction was available for a

---

[2]The list of prohibited acts and available sanctions for Greatest Severity Level Prohibited Acts which currently is contained in 28 C.F.R. § 541.3(b), Table 1 was contained in 28 C.F.R. § 541.13, Tables 3 and 4, at the time of Petitioner's 2009 and

3

200-level offense:

> B.1  Disallow ordinarily between 25% and 50% (14-27 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).

Pursuant to the same regulation, the following sanction was available for a 300-level offense:

> B.1  Disallow ordinarily up to 25% (1-14 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).

To the extent that Shelton argues that a loss of good conduct time constitutes an Eighth Amendment violation, his punishment did not reach that level of severity. Although the 27 day disallowance of good conduct time for each misconduct received may have been construed by Shelton as harsh punishment, it fell within the range of acceptable punishments outlined by the applicable regulations. See 28 C.F.R. § 541.13 and 28 C.F.R. § 541.3. Accordingly, the punishment did not violate the Eighth Amendment and was reasonable in light of the regulations guiding Discipline Hearing Officer punishment decisions.

Moreover, it is well-settled that not all restrictions which make "the prisoner's confinement more difficult to bear" violate the Eighth Amendment. Overton v. Bazzetta, 539 U.S. 126 (2003). The sanction imposed upon Shelton

---

2010 hearings in this case.

does not dramatically depart from accepted conditions of confinement, create inhumane conditions, or inflict pain, injury, or deliberate indifference to the risk that injury might occur. Consequently, the sanction is not sufficiently severe to implicate Shelton's Eighth Amendment rights. See Sandin v. Connor, 515 U.S. 472, 485 (1995); Estelle v. Gamble, 429 U.S. 97, 97 (1976); Rhodes v. Chapman, 452 U.S. 337 (1981).

Petitioner next challenges the total loss of good conduct time as exceeding the number of days of good conduct time he is eligible to receive each year. As such, he seeks the restoration of any good conduct time that was wrongfully disallowed. Because the record is unclear as to how Shelton's disallowance of good conduct time has been computed, Respondents will be directed to file a supplemental brief addressing the computation of Shelton's good conduct time as set forth, more fully, below.

Shelton's underlying offense, which was committed between November 1, 1987 and September 12, 1994, is governed by the Sentencing Reform Act ("SRA") of 1984. See Vitrano v. Marberry, 2008 WL 471642 (W.D. Pa. Feb. 19, 2008) ("[s]entences imposed [for offences committed] between November 1, 1987 to September 12, 1994, are computed under the SRA").

The SRA is part of the Comprehensive Crime Control Act of 1984

("CCCA") which was enacted into law on October 12, 1984, and became effective on November 1, 1987. The CCCA repealed an earlier Good Conduct Time (GCT) statute which applied different rates of GCT for different lengths of sentences and allowed prison officials to withhold or restore credits depending on an inmate's subsequent behavior. The SRA enacted 18 U.S.C. § 3624(b) which provided all prisoners with the same opportunity to earn GCT each year so long as they comply with the BOP's institutional disciplinary rules. Under the SRA, GCT earned each year is vested at the end of that year and cannot be disallowed in the future. See 18 U.S.C. § 3624(b) (1987).

On September 13, 1994, 18 U.S.C. § 3624(b) was amended as a result of the enactment of the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"). The VCCLEA applied to offenses committed on or after September 13, 1994, but before April 26, 1996, when the Prisoner Litigation Reform Act ("PLRA") went into effect and it was amended again. Under the PLRA, the amended provision of 18 U.S.C. § 3624(b) provides, in pertinent part, when GCT vests. Under the amended version of 18 U.S.C. § 3624(b), effective April 26, 1996, "credit awarded under this provision after the date of the enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody."

Under the SRA, Shelton was eligible to receive 54 days GCT per year, which is awarded at the end of each year of term, i.e. his "anniversary date". See 18 U.S.C. § 3624(b) (1991). The BOP has 15 days from Shelton's yearly anniversary date each year to determine the amount of GCT to be awarded for that year. Id. If Shelton was disallowed GCT to be awarded for that year as a result of disciplinary proceedings, only the remainder of the 54 days will be awarded, and will vest, at that time. See Woodruff v. Williamson, 2009 WL 703200 (M.D. Pa. March 12, 2009) (Slip op.); Kokoski v. Small, 2008 WL 3200811, *24 (S.D.W.Va. August 5, 2008) (Slip op.); 18 U.S.C. § 3624(b) (1991). Credit that has vested may not later be withdrawn, except under very limited circumstances. Id. Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. Id. Furthermore, GCT that is disallowed may not be awarded at a later time. However, if disallowance of GCT is successfully appealed via the BOP's applicable administrative remedy process, or if the BOP has for some reason erroneously disallowed the GCT, then the GCT may be credited at that time.

While it is clear from Respondents' exhibits that Shelton has received multiple sanctions of loss of GCT, there is no indication from the record as to how those sanctions have been applied to the calculation of Shelton's sentence, which

appears to be the crux of his petition. Consequently, the Court will direct Respondents to submit supplemental briefing addressing the impact of the total loss of GCT on Shelton's sentence, and whether or not he is entitled to the restoration of any days of disallowed GCT.

Furthermore, as the Court has narrowed the issue for resolution, Petitioner's pending motion for "interlocutory injunction", (Doc. 8), motion to "set aside, vacate all administrative convictions", (Doc. 15), and motion for contempt for Respondents' failure to address the underlying merits of the petition, (Doc. 18), will be dismissed without prejudice to renewal after the submission of the supplemental briefing.

A separate Order will be issued.

Dated: January 17, 2014

_____
**United States District Judge**